IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL YESHEWAWORK ABEBE,

Plaintiff,

OPINION AND ORDER

v.

26-cv-78-wmc

TODD BLANCHE, Attorney General of the United States, MARKWAYNE MULLIN, Secretary of Homeland Security, JOSEPH BENJAMIN EDLOW, Director, USCIS, SARAH KENDALL, Acting Associate Director, Field Operations Directorate, ROSE M. KENDRICK, USCIS National Benefits Center Acting Director, and JOHN PRUHS, USCIS Milwaukee Field Office Director,

Defendants.[1]

---

Plaintiff Daniel Yeshewawork Abebe seeks a writ of mandamus or an order under the Administrative Procedure Act ("APA") that would compel United States Citizenship and Immigration Services ("USCIS") to adjudicate his Form I-485 Application for Adjustment of Status. (Dkt. #1.) Defendants have filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that this suit is barred by 8 U.S.C. § 1252(a)(2)(B)(ii). (Dkt. #9.) The motion will be granted, and this case will be dismissed for the reasons explained below.

[1] Attorney General Todd Blanche and Secretary Markwayne Mullin are substituted as defendants in place of Pamela Bondi and Kristi Noem pursuant to Fed. R. Civ. P. 25(d).

## BACKGROUND[2]

In January 2017, plaintiff Daniel Yeshewawork Abebe married his wife, Widist Bekulo Tessema, in Chiro, Ethiopia. Both were Ethiopian citizens at the time, but Tessema was also a lawful permanent resident of the United States. Abebe entered the United States with a non-immigrant, B1/B2 visitor visa on March 9, 2017. The couple currently resides in Sun Prairie, Wisconsin.

On July 12, 2018, Tessema filed an I-130 Petition for Alien Relative on Abebe's behalf, seeking to reclassify him as the spouse of a lawful permanent resident. Tessema's I-130 Petition was approved on March 9, 2020. Based on Tessema's approved I-130 Petition, Abebe filed a Form I-485 Application with USCIS on June 15, 2020, seeking to adjust his status to that of a lawful permanent resident and receive what is commonly referred to as a green card.

Abebe was interviewed at the USCIS Milwaukee Field Office on January 27, 2021. After more than two years without an update, Abebe inquired in 2023 about his application and was told that his case was "[waiting] for a related file to be transferred to the Milwaukee Field Office." In 2024, he again inquired as to the status of his application and was told that "USCIS anticipates a delay in completing [his] case," but adding that this was "due to workload factors not related to [his] case," and USCIS was still "committed to adjudicating immigration benefits [applications] in the order received." To date, Abebe's Form I-485 Application remains unadjudicated.

---

[2] Unless otherwise indicated, the facts in this section, which are taken as true for purposes of ruling on the motion to dismiss, are from the complaint and the annexed exhibits. (Dkt. #1.)

Frustrated by the long delay, Abebe filed this action against the U.S. Attorney General, the Secretary of Homeland Security, the Director of USCIS, and three other USCIS directors in their official capacity. Abebe contends that USCIS has unreasonably delayed the adjudication of his Form I-485 Application, which has caused hardship due to the uncertainty over his immigration status. As a result, he seeks a writ of mandamus under 28 U.S.C. § 1361 or an order under the APA, 5 U.S.C. § 706(1), compelling prompt adjudication.

## OPINION

Defendants, who do not dispute any of plaintiff's factual allegations, have moved to dismiss under Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). As the party seeking a federal forum, plaintiff bears the burden of establishing this court's authority to hear the case. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021). When ruling on a motion to dismiss for lack of subject matter jurisdiction, courts accept as true all facts in the complaint, drawing all reasonable inferences in the plaintiff's favor. *Sykes v. Cook Cnty. Circuit Court Probate Div.*, 837 F.3d 736, 739 (7th Cir. 2016). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, defendants argue that federal court jurisdiction has been stripped from all avenues of relief by 8 U.S.C. § 1252(a)(2)(B), which provides as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus

> provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, *no court shall have jurisdiction to review* --
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> (ii) *any other decision or action of the Attorney General or the Secretary of Homeland Security* the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

(Emphasis added). Specifically, defendants argue that review is barred in this instance by § 1252(a)(2)(B)(ii), which precludes judicial review of discretionary decisions or actions, including those that are statutorily specified under 8 U.S.C. §§ 1151-1381. *See Lobatos v. Noem*, No. 25 C 01223, 2025 WL 1651220, at *3 (N.D. Ill. June 11, 2025) (citing § 1252(a)(2)(B)(ii); *see also Kukana v. Holder*, 558 U.S. 233, 253 (2010) (Alito, J., concurring)).

Relevant here, 8 U.S.C. § 1255(a) states that the status of an alien "*may be adjusted by the Attorney General, in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence[.]"[3] *Id*. (emphasis added). Further, the Supreme Court "has repeatedly observed that the word 'may' *clearly* connotes discretion." *Biden v. Texas*, 597 U.S. 785, 802 (2022) (emphasis in original, citations and internal quotations omitted); *see also Bouarfa v. Mayorkas*, 604 U.S. 6, 14-15 (2024) (same). Plaintiff does not dispute that a determination made under 8 U.S.C. § 1255(a) constitutes

[3] Although the relevant statutory sections refer to the Attorney General, defendants note that most immigration functions were transferred to the Secretary of DHS or a component of that department by the Homeland Security Act of 2002, Pub. L. No. 107-296, Title XV, § 1517, 116 Stat. 2311 (Nov. 25, 2002). *See also* 6 U.S.C. § 557.

a discretionary "decision or action," which is vested with the Department of Homeland Security through USCIS; instead, plaintiff argues that § 1255(a) does not confer on the Department the discretion to delay or withhold adjudicating an application.

Contrary to plaintiff's argument, other courts have held delays in processing adjustment of status applications necessarily involve discretionary decisions because they implicate workload and resource management, and therefore, constitute actions that are *not* subject to judicial review under § 1252(a)(2)(B)(ii). In particular, considering a similar jurisdiction-stripping statute with nearly identical wording to § 1252(a)(2)(B)(ii), the Seventh Circuit has held that an agency's failure to act on an application was itself an "action" precluded from judicial review. *Soni v. Jaddou*, 103 F.4th 1271, 1273 (7th Cir. 2024). Thus, the court affirmed the dismissal for lack of jurisdiction a complaint filed under the APA to challenge an unreasonable delay in adjudicating a visa waiver. *Id*. Seemingly controlling here as well, the Seventh Circuit held that "setting priorities," such as how many employees to assign to process immigration benefits applications qualifies as an "action" requiring the use of discretion that was not reviewable by a federal court. *Id*.

Applying the same rationale as *Soni,* other courts in the Seventh Circuit have similarly concluded that a challenge to an agency's "failure to act or slow processing of an [I-485] application is an 'action' under § 1252(a)(2)(B)(ii)" that precludes judicial review at least based on the pace of adjudication. *Li v. Blanche*, 26 cv 1735, 2026 WL 2937207, at *4 (N.D. Ill. Sept. 30, 2026); *see also Bhaidas v. Noem*, No. 3:25cv242, 2025 WL 2996362, at *4 (N.D. Ind. Oct. 22, 2025) (finding that § 1252(a)(2)(B)(ii) precluded jurisdiction in a case involving a similar request to compel adjudication of a Form I-485

under the federal mandamus statute and the APA); *Jarrar v. Noem*, No. 25 C 5216, 2025 WL 3653700 (N.D. Ill. Dec. 16, 2025) (rejecting plaintiff's argument that delay in adjudicating an I-485 application is not a "decision or action" that falls under § 1252(a)(2)(B)(ii) and dismissing for lack of jurisdiction); *Fernandez v. Noem*, No. 25 CV 7366, 2026 WL 92337 (N.D. Ill. Jan. 13, 2026) (similarly dismissing a complaint seeking prompt adjudication of an I-485 application). In addition, defendants note several other federal circuit courts have held "that § 1252(a)(2)(B)(ii) precludes jurisdiction over challenges to USCIS delays in adjudicating Form I-485 adjustment of status applications." *Kanapuram v. Dir., USCIS*, 131 F.4th 1302, 1306-07 (11th Cir. 2025) (citations omitted); *see also Thigulla v. Jaddou*, 94 F.4th 770, 775 (8th Cir. 2024) (concluding that § 1252(a)(2)(B)(ii) barred judicial review of a decision to delay adjudicating status adjustment applications); *Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024) ("Section 1255(a) expressly leaves not only the ultimate decision to adjust an applicant's immigration status but also actions taken in the course of the decision-making process -- including the pace at which that process is undertaken -- to the discretion of the Attorney General.") (emphasis in original); *Geda v. Dir., USCIS*, 126 F.4th 835, 843 (3d Cir. 2025) ("Section 1255(a) is a classic grant of discretion because it provides the Secretary discretion over not only the final decision but the entire process for reaching that decision."); *Kale v. Alfonso-Royals*, 139 F.4th 329, 331 (4th Cir. 2025) (joining the Third, Fifth, Eighth, and Eleventh Circuits in holding that § 1252(a)(2)(B)(ii) bars challenges to delayed adjudication of status adjustment applications). While these cases involve delays caused by a more general, "adjudication hold" policy, the holdings are still persuasive to the extent elaborating upon

the expansive nature of the discretion conferred by Congress over the adjudicative process for immigration status-adjustment determinations.

Because plaintiff's complaint similarly challenges the pace of adjudication of an immigration benefits application, his suit is barred by § 1252(a)(2)(B)(ii). *See Li*, 2026 WL 2937207, at *4 (dismissing APA and mandamus claims for involving "the speed at which [USCIS] adjudicates I-485 petitions for lack of jurisdiction under § 1252(a)(2)(B)(ii)); *see also Caryiroglu v. Mullin*, 837 F. Supp. 3d 929, 933-34 (N.D. Ill. 2026) (dismissing for lack of subject matter jurisdiction an action under the APA and All Writs Act challenging the pace of adjudicating an asylum application). Accordingly, defendants' motion to dismiss for lack of subject matter must be granted. *See* Fed. R. Civ. P. 12(h)(3).

ORDER

IT IS ORDERED THAT:

1) Defendants' motion to dismiss pursuant to Rule 12(b)(1) (dkt. #9) is GRANTED.

2) The complaint filed by plaintiff Daniel Yeshewawork Abebe is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

3) The clerk of court shall enter judgment accordingly and close this case.

Entered this 17th day of November, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge